

IN THE US DISTRICT COURT
OF THE SOUTHERN DISTRICT
OF MISSISSIPPI
NORTHERN DIVISION

AKECHETA MORNINGSTAR                    PLAINTIFF

V.                    Civil #:  3:23-cv-328 CWR-LGI

WESTGATE RESORT                         DEFENDANT

## **COMPLAINT**
### *REQUEST TRIAL BY JURY*

COMES NOW, AKECHETA Morningstar, hereby files his complaint against the Defendant

Westgate Resorts.  In support thereof, the Plaintiff states as follows:

(1)  The Plaintiff, AKECHETA Morningstar is an adult resident citizen of Hinds County in

the State of Mississippi.

(2)  Westgate resort is a business whose home office is located in New

Orlando Florida.

### **JURISDICTION AND VENUE**

(3)  This Court has jurisdiction over this matter because of 28 U.S.C. 1332 (diversity of

Citizenship and the amount in controversy is greater than $75,000.

**1**

## FACTS

(4) On or about June 5, 2020, Plaintiff AKECHETA Morningstar visited Westgate Resort in Florida for the purpose of inquiring about a timeshare.

(5) Accompanying Mr. Morningstar was his wife Linda Johnson, daughter- Ashley Johnson and her four children. Additionally, Morningstar's son Andres, his son and his girlfriend and her daughter were also present.

(6) The group of persons named in above paragraph began listening to a presentation by a Westgate representative for the purpose of purchasing a timeshare. After visiting an actual representation of what the group of persons would be purchasing, the group was inundated with extensive sales pitches to get them to purchase the property.

(7) The representative first offered a 2 Br for a certain price, but the group rejected it because the group needed a 3 BR.

(8) Westgate wasn't willing to sell the group the 3BR timeshare for the price they were looking for. As such, Westgate rep offered them to visit the timeshare within, I think, the next 2 years to see how it was.

(9) The group was adamant that they needed a 3BR no matter what. So they agreed to visit the property within a few years to check it out. The agreed upon price was about $1200-$1300. Morningstar and his wife started signing the contract and agreed to make a down payment and pay about $50 a month until the account was paid out.

(10) Mr. Morningstar suggests that it was some unscrupulous intent by Westgate to fraud

2

them since they decided to do everything electronically (delivered to a flash drive that
needed special equipment to access)

11)    Morningstar and Ms Johnson signed the paperwork, at the time showing they would be
Given a 3 Br. Condo to try out first for that $1200 price.

12)    Finally, after about a year, Morningstar was able to find the special computer equip-
so he can view the signed contract that he signed.

13)    Shocking to him, he discovered that the contract was conflicted as compared to what
the Westgate rep and Morningstar and his group agreed upon.

14)    Westgate had listed the correct bedroom size for the purchase of the timeshare with it
being a 3 bedroom.  The one that Westgate promised the buyer they would
receive for the trial was supposed to have been a 3BR also.  It was changed to a 2BR.

15)    Morningstar notice that the number 2 had a line ( ___ ) under it.  In essence, that num-
be could be changed.

16)    And that's what Morningstar is suggesting that the Westgate rep did, thus committing
fraud.

17)    After about a year of Westgate drafting Morningstar's checking account, Morningstar
notified customer service and put them on notice of the discrepancy.

18)    Shocking to him, Westgate stopped drafting Morningstar's account without Morningstar
telling them to do so—thus breaching their contract.

19)    Morningstar was able to retrieve numerous complaints off the internet concerning
Westgate's unscrupulous business practices.

## **CAUSE OF ACTION**

In common law, there are five element of fraud. **1)** *A false representation.* The Westgate representative performed that action when it facetiously put conflicting bedroom sizes on the contract by means of changing the number after we had agreed upon a three bedroom. **2)** *in reference to a material fact.* It was definitely material for the reason that the family would have never entered the contract, if the true bedroom size would have been known. 3) *made with knowledge of its falsity.* Westgate definitely knew they were misleading the family. That is why they put the line under the number, so they could change it after the contract was signed. 4(*with the intent to deceive).* Westgate knew that I wouldn't sign the contract if I knew about the 2-bedroom size. So they did a replacement after the contract was sign. That was deceptive. **(5)** *action is taken in reliance upon the representation.* Morningstar and his family entered the contract with Westgate based upon the false representation that they would receive a 3 Br. Morningstar took the action of signing that contract based upon false information. The Defendant acted with malice. Another Cause of action in this case is breach of contract. The four elements of breach of contract. **(1)** *Is there must be a valid contract.* That was true in this case Morningstar and Westgate entered into a contract in June 2020 for them to receive a vacation package if they made a down payment a make a stated number of payments. Morningstar held up to his end of the contract. He allowed Westgate to freely draft his account. *(2) Per-formance.* The Plaintiff held up to his end of the Contract. Without deterrence, he allowed the Defendant to freely draft his account.

4

(3) **breach.**  The Defendant breached their performance duty by ceasing to draft

Morningstar's account without him authorizing them to do so.  The only thing

Morningstar did was to put Westgate on notice that they had fraud him.

## DAMAGES

**(4  damages)**  Morningstar experienced economic loss by losing all of the payments he

had made with West gate for his vacation that never happened.  That was about 1,000

dollars.  He also lost out on the chance of purchasing a timeshare which would have added

economic value to his assets.

## RELIEF

___The Plaintiff, AKECHETA A. Morningstar seeks the amount to be determined by this

court for nothing less than $75,0000.  The Plaintiff also seeks punitive damages because

of the egregiousness of the Defendant's actions.

Respectively submitted, this the 23 day of _1747_, 2023

AKECHETA A. Morningstar, Pro Se.
109 Colonial Circle
Jackson, MS 39211
769-233-1237
3IN1AGENTAM@GMAIL.COM